In re petition of James Nichols for subpœna to Flora A. Nichols and George Nichols, etc.

*Jurisdiction, S. C.—Petition for reproduction of lost deed.*

Since the adoption of the constitution of 1874, the Supreme Court has no jurisdiction to entertain a petition for the reproduction of a lost deed and the recording of a copy thereof in the county where the land is situated.

· Argued Feb. 24, 1897. Petition for subpœna etc., No. 300, Miscellaneous Docket, No. 1. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Petition dismissed.

Petition for subpœna and for an order directing the reproduction of a lost deed and the recording of a copy thereof.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 12, 1897 :

James Nichols, the petitioner, avers, in substance, that on or about July 29, 1880, his father, Dr. Hiram Nichols, then owner in fee of about forty acres of land in south Abington township, Lackawanna county, and fully described in the petition, in con-

sideration of natural love and affection and $1.00, conveyed same land to him by deed duly delivered; that said deed was not recorded, and has since been lost, and he has no evidence of his title to said land; that the only persons who claim to have any interest in the same are Flora A. Nichols and George Nichols, both of whom reside in said county; that neither of said persons nor anyone else is a bona fide purchaser of said land, or has any valid title to the same or any part thereof; and prays:

(1) That a subpœna issue to said Flora A. Nichols and George Nichols requiring them to appear in this court, to make answer, etc.

(2) That an order may be made directing that said lost deed be reproduced, and a copy thereof be recorded in the office for recording deeds, etc., in and for said county: and that such other orders and decrees in the premises may be made as to justice and equity may appertain, etc.

The case thus presented is one of a class in which this court prior to 1874, doubtless had original jurisdiction concurrently with the several courts of common pleas under the acts of March, 1786 and January, 1793, respectively, Pepper and Lewis' Digest 1577–81; but since the adoption of the present constitution the latter courts alone appear to have such jurisdiction in their respective counties: Const., art. V. sec. 3. This section declares, among other things, that the judges of the Supreme Court "shall have original jurisdiction in cases of injunction where a corporation is a party defendant, of habeas corpus, of mandamus to courts of inferior jurisdiction, and of quo warranto as to all officers of the commonwealth whose jurisdiction extends over the state, but shall not exercise any other original jurisdiction; they shall have appellate jurisdiction, by appeal, certiorari, or writ of error in all cases, as is now or may hereafter be provided by law."

As compared with what it was before, the original jurisdiction of this court is very much restricted by the language above quoted. It is very clear that it has been entirely taken away in the class of cases to which the one under consideration belongs; but, if it were otherwise, we would decline to assume jurisdiction unless good and sufficient reasons were shown for not presenting the petition to the common pleas of the proper county.

The petition is therefore dismissed at the petitioner's costs.